FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO C.G.S. SECTION 17a-112 (e)
THE COURT MAKES THE FOLLOWING FACTUAL FINDINGS REQUIRED BY GENERAL STATUTES § 17A-112(e) which findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
Appropriate and timely services were provided by the Department of Children and Families including counseling, case management, substance CT Page 5666 abuse treatment, parenting education, immigrations for legalization, housing assistance, transportation assistance, and visitation coordination. The services provided are more fully set forth in the Social Study which has been placed into evidence.
The mother is now whereabouts unknown. Although DCF made diligent efforts to locate mother, her whereabouts remain unknown. The services as described in the Social Study were appropriate and offered on a timely basis.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has made reasonable efforts given the situation and circumstances to reunite the mother and her son in accordance with state and federal law.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
Regarding court orders, fulfillment of obligations, expectation and services agreements: The Department, with the approval of the Court. set reasonable and realistic expectations to reunify the family. There was no compliance with any of court expectations.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has little if any positive feelings toward his mother but has established an attachment with his foster family and his father. His father has been visiting with his son since September 9, 1999 and is in the process of working toward reunification with his son.
5. (Finding regarding the age of the child.)
Messiah is 21 months old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, CT Page 5667 including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the, child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
The mother has made little effort to adjust her circumstances to permit her child to safely enter her care. She has filed to maintain any ongoing contact with her child or with DCF.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the mother from maintaining a meaningful relationship with her children. There is no evidence that the mother's economic circumstances prevented a meaningful relationship from being maintained.
The court having considered all statutory considerations and having found by clear and convincing evidence that grounds exist for termination of parental rights, further finds upon all of the facts and circumstances presented, that it is in the child's best interest to terminate the parental rights of Jessamy S., the biological mother. Accordingly, it is ordered that her parental rights to the child are hereby terminated.
It is further ordered that the commitment of Messiah J. to Commissioner of Department of Children and Families shall remain in effect. An in court judicial review is ordered for July 27, 2000 at 2:30 p.m. to review the permanency plan which at this time is reunification with father, Brian C.
SWIENTON, J.